**BYRON G. MANROSE, FLORIDA INDUSTRIAL COMMISSION, v. MIAMI SHIPBUILDING CORPORATION, CASUALTY RECIPRO-CAL EXCHANGE.**

23 So. (2nd) 733          June Term, 1945
November 20, 1945          Division A

*Raymond E. Barnes* and *William D. Barfield,* for appellant.
*McKay, Dixon & DeJarnette,* for appellees.

TERRELL, J.:

On petition for rehearing it is urged that our former opinion, filed October 2, 1945 and the question answered therein should be clarified. It is not suggested that the conclusion reached is erroneous.

A restatement of the question will aid in clarifying. The primary question for determination is whether or not the Industrial Commission could retain jurisdiction of a cause for a period of 350 weeks, the period of compensation, to review applications under Section 440.15 (3) (V) Florida Statutes 1941.

In our view this question must be answered in the negative. In the opinion of October 2 we held that under Section 440.28, Florida Statutes of 1941, such review was limited to "one year after the date of the last payment, or at any time prior to one year after the rejection of a claim." We think however that the one year period is not limited to cases arising under Section 440.15 (3) (V), Florida Statutes 1941. Earning capacity after permanent partial disability is the plumb line by which compensation is measured. If earning capacity changes, it would be the duty of the one asserting such change to so show and how the claimant is affected. The statute should not run while compensation is being paid, but if not being paid one year is the time limit under the law for redetermination of status of disability because of change in condition.

Affirmed on rehearing.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.